UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMA GUTHRIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:13-CV-1630-NAB ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Norma Guthrie's ("Guthrie") application for disability insurance benefits and supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the denial of benefits.

**I.      Issues for Review**

Guthrie presents two issues for review. First, Guthrie asserts that the administrative law judge's ("ALJ") residual functional capacity ("RFC") determination is not supported by substantial evidence. Second, Guthrie asserts that the ALJ did not perform a proper credibility analysis.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## III. Discussion

### A. RFC Determination

First, Guthrie contends that the ALJ's RFC determination is not supported by substantial evidence, because the ALJ provides a selective narrative summary of the medical evidence and

does not explain how the evidence supports her conclusions. The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. §§ 404.1527(b), 416.927(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009).

In this case, the ALJ found that Guthrie had the severe impairments of hypertension, depressive disorder, personality disorder, and alcohol and cannabis abuse. (Tr. 16.) The ALJ determined that Guthrie had the RFC to perform medium[2] work with the limitation of understanding, remembering, and carrying out simple instructions and non-detailed tasks. (Tr. 19.)

Guthrie contends that the RFC determination is not supported by substantial evidence in the record, because the ALJ selectively discusses the medical evidence and never indicates how

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.
[2] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [he or she] can also do sedentary and light work. 20 C.F.R. §§ 404.1567(c), 416.967(c).

3

the medical evidence supports the limitations in the RFC determination. Guthrie also claims that the medical evidence suggests greater limitations than those set forth in the RFC determination.

SSR 96-8p, states: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p at 7. "In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis … and describe the maximum amount of each work related activity the individual can perform based on the evidence available in the case record. SSR 96-8p at 7. "Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). "Moreover, an ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id.* (highly unlikely that ALJ did not consider and reject physician's opinion when ALJ made specific references to other findings set forth in physician's notes).

The Court finds that the ALJ made an adequate summary of the facts supporting the RFC determination in this case. A review of the record as a whole demonstrates that Guthrie has some restrictions in her functioning and ability to perform work related activities, however, she did not carry her burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). The medical records show that Guthrie's symptoms have improved with medication and mental health treatment. In addition, her symptoms have not prevented her from working part-time. Guthrie has not presented sufficient evidence that her impairments would preclude her from performing work related activities on a regular and continuing basis. SSR 96-

8p, 1996 WL 374184, at *1.  Therefore, the Court finds that the RFC determination is supported by substantial evidence in the record as a whole.

B. **Credibility Determination**

Guthrie also contends that the ALJ's credibility determination was improper, because the ALJ failed to consider the factors that favor her credibility.  Guthrie also contends that the ALJ improperly discredited her for receipt of unemployment benefits, substantial activities of daily living, improvement in her condition with medication, and being an unreliable informant regarding substance abuse.

In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
> (3) Any precipitating or aggravating factors;
> (4) The dosage, effectiveness, and side effects of any medication; and
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984).  It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.*  As stated previously, the ALJ is not required to cite to every piece of evidence. *Wildman*, 596 F.3d at 966.

The Court finds that the ALJ's credibility findings were consistent with *Polaski* and supported by substantial evidence in the record as a whole.  The ALJ could properly consider claimant's receipt of unemployment benefits and the fact that she was actually seeking work as some evidence though not conclusive representing her availability, ability, and willingness to

work.  *See Jernigan v. Sullivan*, 948 F.3d 1070, 1074 (8th Cir. 1991) (a claimant may admit an ability to work by applying for unemployment compensation because such an applicant must hold himself out as available, willing, and able to work).  The ALJ could also consider Guthrie's activities of daily living, which included working at a part-time job during much of the period of alleged disability.  *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) (claimant's daily activities, which included part-time work were inconsistent with claim of disabling pain).  An ALJ can always consider a claimant's improvement with medication and any inconsistencies with the record as a whole.  *See Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) (if an impairment can be controlled by treatment or medication, it cannot be considered disabling and inconsistencies in the record can undermine credibility of allegations).

A review of the entire record demonstrates that ALJ did not rely solely upon any one of the factors in the credibility analysis.  The ALJ considered several factors in evaluating Guthrie's credibility.  Considering the combination of the factors relied upon by the ALJ, substantial evidence in the record supports the ALJ's credibility findings.

Accordingly,

**IT IS HEREBY ORDERED** that the request for relief in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**.  [Docs. 1, 13, 19.]

**IT IS FURTHER ORDERED** that judgment will be entered in favor of the Defendant in a separate order.

Dated this 12th day of August, 2014.

   /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE